JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-67 JGB (SHKx)** | Date | March 31, 2021 |
|---|---|---|---|
| Title | *Pedro N. Ibanez v. Mitsubishi Power Americas Inc. et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 7); and (2) VACATING the April 5, 2021 Hearing (IN CHAMBERS)

Before the Court is a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), 12(b)(3), and 12(b)(2) filed by Defendants Mitsubishi Power Americas Inc. ("Mitsubishi") and Paul Browning, the CEO of Mitsubishi. ("Motion," Dkt. No. 7.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS Defendants' Motion. The April 5, 2021 hearing is VACATED.

## I.  BACKGROUND

On January 13, 2021, Plaintiff Pedro Ibanez filed a complaint against Defendants. ("Complaint," Dkt. No. 2-1.) The Complaint alleges that Mitsubishi and Paul Browning infringed upon Plaintiff's patent application. (Id.)

On March 1, 2021, Defendants filed this Motion. (See Motion.) Plaintiff is unrepresented by counsel and submitted his opposition to the Motion via U.S. Mail; it was received by the Clerk of the Court on March 12, 2021. A copy of the Opposition, received by Defendants on March 22, 2021, has been filed as an attachment to the Declaration of Jeffrey D. Wexler. ("Opposition," Dkt. No. 17 Exh. A.) Defendants filed a Reply on March 22, 2021. ("Reply," Dkt. No. 16.)

## II. FACTUAL ALLEGATONS

Plaintiff alleges the following facts, which are assumed to be true for the purposes of Defendant's Rule 12(b)(6) motion.

On October 10, 2019, Plaintiff filed an application for a patent. (Complaint.) Plaintiff's application contemplates a device which would convert seawater to electricity using electrolysis and boiler steam. (Id.) In an interview which aired on or about September 3, 2020, Paul Browning, the CEO of Mitsubishi, stated that the company had invested in green technology which will produce and store hydrogen, using hydrogen to replace natural gas. (Id.) Plaintiff acknowledges that his "rights are limited" because he has only applied for a patent, not received one, but he describes a "rare but legally plausible" hypothetical in which he may be harmed. (Id.)

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., No. 15–05005, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint

must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) provides that a court may dismiss a claim for improper venue. Once venue is challenged, the plaintiff has the burden of proving that venue is proper in this district. See Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). In deciding a motion under Federal Rule of Civil Procedure 12(b)(3), the court may consider facts outside the pleadings and need not accept the pleadings as true. Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty, 408 F.3d 1250, 1254 (9th Cir. 2005); see also Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). If there are contested factual issues, the court is obligated to draw all reasonable inferences and resolve the factual conflicts in favor of the non-moving party or hold a pre-trial evidentiary hearing on the disputed facts. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138–39 (9th Cir. 2004).

### C. Rule 12(b)(2)

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154-55 (9th Cir. 2006) (citing Fireman's Fund Ins. Co. v. Nat. Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996)). Because California authorizes jurisdiction to the fullest extent permitted by the Constitution, see Cal. Code Civ. P. § 410.10, the only question the Court must ask in this case is whether the exercise of jurisdiction over Defendant would be consistent with due process. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).

The Fourteenth Amendment's Due Process Clause permits courts to exercise personal jurisdiction over any defendant who has sufficient "minimum contacts" with the forum that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). There are two recognized bases for exercising personal jurisdiction over a non-resident defendant: (1) "general jurisdiction," which arises where defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum give rise to the claim in question. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414–16 (1984).

Where, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to

survive the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). The plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

## IV. DISCUSSION

Defendant's Motion raises both jurisdictional and factual issues. The Court addresses jurisdiction first.

The Court lacks personal jurisdiction over Mr. Browning, who is not a resident of California. Indeed, Plaintiff does not allege that Browning has purposefully directed his activities towards California or even performed any activities in California. It would violate due process for the Court to exercise jurisdiction over Browning in this case.

However, the more fundamental issue with Plaintiff's Complaint is substantive: In order to pursue a claim for patent infringement, Plaintiff must have been issued a patent. See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp., 925 F.3d 1225, 1229 (Fed. Cir. 2019) (citing 35 U.S.C. § 281) (explaining "patentee[s]" may bring civil action for patent infringement); 35 U.S.C. § 100(d) (defining "patentee" as the person "to whom the patent was issued".) Though Plaintiff has filed a patent application, he has not actually been issued a patent. He has filed this action too prematurely and fails to state a claim for patent infringement.

"Patent rights are created only the formal issuance of the patent; thus, disputes concerning patent validity and infringement are necessarily hypothetical before patent issuance." GAF Bldg. Materials Corp. v. Elk Corp. of Dallas, 90 F.3d 479, 482-83 (Fed. Cir. 1996). The Court cannot issue a judgment based on this kind of hypothetical.

## V. CONCLUSION

For the reasons above, the Court GRANTS Defendants' Motion and DISMISSES Plaintiff's Complaint without leave to amend. The April 5, 2021 hearing is VACATED. The Clerk is directed to close the case.

**IT IS SO ORDERED.**